# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, <br><br> 201 Maryland Avenue, NE <br> Washington, DC  20002 <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br> 950 Pennsylvania Avenue, NW <br> Washington, DC 20530-0001 <br><br> Defendant. | Case Action No. 1:17-cv-01866 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## COMPLAINT

Plaintiff American Center for Law and Justice ("ACLJ"), by and through counsel, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure of the Federal Bureau of Investigation ("FBI"), a component of Defendant Department of Justice (DOJ), to issue a determination as to Plaintiff's FOIA request within the statutorily prescribed time period, and seeking the disclosure and release of agency records improperly withheld by Defendant. In support thereof, Plaintiff alleges and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA, and Plaintiff has exhausted its administrative remedies.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

1

3. This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

4. This Court has authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5. Plaintiff, with offices at 201 Maryland Avenue, N.E., Washington, DC 20002, is a not-for-profit 501(c)(3) organization dedicated to the defense of constitutional liberties secured by law. Plaintiff's mission is to educate, promulgate, conciliate, and where necessary, litigate, to ensure that those rights are protected under the law. Plaintiff also regularly monitors governmental activity with respect to governmental accountability. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its dedication to the rule of law and public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

6. Defendant DOJ is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001. Defendant is in control and possession of the records sought by Plaintiff.

7. The FBI is a component of the DOJ.

8. The FBI has possession, custody and control of the records Plaintiff seeks.

## FACTUAL ALLEGATIONS

9. On July 15, 2016, Plaintiff issued separate but virtually identical FOIA requests to the FBI and the DOJ requesting "any and all records pertaining to Attorney General Loretta Lynch's meeting with former President Bill Clinton on June 27, 2016, which occurred on her

airplane at the Sky Harbor International Airport in Phoenix, Arizona." *See* Pl.'s FOIA Request attached hereto as Ex., A at 1.

10. "Pursuant to DOJ FOIA regulation 28 C.F.R. §16.3(b)," Plaintiff set forth a "Background address[ing] 'the date, title or name, author, recipient, subject matter of the record[s]' requested, to the extent known." Pl.'s Ex. A, at 1 (quoting 28 C.F.R. §16.3(b)). Said Background is hereby incorporated as if fully set forth herein.

11. Plaintiff identified, in its FOIA request, the specific records it seeks. Pl.'s Ex. A, at 5-9.

12. In its FOIA request, Plaintiff specified that the term "record" includes "any information" that qualifies under 5 U.S.C. § 552(f), and provided a non-exhaustive list of types of information to be included in the term "record." *See* Pl.'s Ex. A, at 4.

13. Plaintiff further specified in its FOIA request the applicable definitions of the terms "briefing," and "DOJ official." *See* Pl.'s Ex. A, at 4.

14. Plaintiff specified in its FOIA request that the timeframe of records requested "herein is June 13, 2016, to the date this Request is processed." *See* Pl.'s Ex. A, at 4.

15. In its FOIA request, Plaintiff requested that the Defendant support all denials by reference to specific FOIA exemptions and provide any judicially required explanatory information, including but not limited to, a Vaughn Index. *See* Pl.'s Ex. A, at 7.

16. In its FOIA request, Plaintiff asserted its entitlement to expedited processing and a waiver of all associated fees, as explained in a memorandum accompanying each request and referenced therein, and reserved its right to appeal any agency withholding of records and/or any agency denial of Plaintiff's requests for expedited processing and a waiver of fees. *See* Pl.'s Ex. A, at 7.

3

17. Plaintiff sent its FOIA request to the Records Management Division for the FBI and DOJ. *See* Pl.'s Ex. A, at 1, 8.

18. By letter dated August 5, 2016, the FBI acknowledged receipt of Plaintiff's FOIA request and assigned FOIPA Request No. 1355324-000 to the request.

19. By separate letter that same date, the FBI denied Plaintiff's request for expedited processing.

20. By letter dated August 23, 2016, the FBI changed course and approved Plaintiff's request for expedited processing, determining that Plaintiff "provided enough information concerning 28 C.F.R. 16.5 (e)(1)(iv)" showing "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." Pl.'s Ex. B.

21. By letter dated October 21, 2016, received by Plaintiff October 31, 2016, the FBI informed Plaintiff that "[n]o records responsive to your request were located." Pl.'s Ex. C.

22. Plaintiff also separately sent its FOIA request to Defendant DOJ's FOIA/PA Mail Referral Unit and Defendant DOJ's Director of Public Affairs.

23. On November 2, 2016, Plaintiff filed suit against the DOJ following DOJ's failure to respond to Plaintiff's FOIA Request.

24. On July 3, 2017, more than one year after Plaintiff issued its FOIA Request to DOJ and FBI, Senior Counsel for DOJ, Vanessa R. Brinkman, responded by letter on behalf of the Offices of the Attorney General and Public Affairs only, and notified Plaintiff that "records responsive to your request have been located."

25. At that time, the DOJ, on behalf of the Offices of Attorney General and Public Affairs, released ninety-eight pages with limited excisions.

26. On August 1, 2017, the DOJ, on behalf of the Offices of the Attorney General and Public Affairs, responded by letter notifying Plaintiff that an additional 315 pages containing records responsive to Plaintiff's request were appropriate for release with excisions.

27. In this same letter, the DOJ notified Plaintiff that its letter of August 1, 2017, "shall serve as a final response" to Plaintiff's FOIA Request.

28. The documents produced by the DOJ on or about August 1, 2017, included several communications between the DOJ and the FBI regarding Attorney General Lynch's meeting with Clinton on June 27, 2017 – the subject of Plaintiff's FOIA request.

29. One such communication, with the subject line "FLAG" contains correspondence between FBI officials and DOJ officials concerning "flagging a story . . . about a casual, unscheduled meeting between former president Bill Clinton and the AG," wherein the DOJ official instructs the FBI to "let me know if you get any questions about this."

30. Another communication – exchanged just days before Plaintiff issued its FOIA request – containing the subject line "FBI just called" indicates that the "FBI . . . is looking for guidance" in responding to media inquiries about news reports that the FBI prevented the press from taking pictures of the Clinton Lynch meeting.

31. On or about August 3, 2017, Plaintiff reported on its website that the documents produced by the DOJ reveal that the FBI lied in its response to Plaintiff's FOIA request and that there are multiple records within the FBI responsive to our request.

32. On or about August 4, 2017, several national media outlets reported ACLJ's findings that the documents produced by the DOJ responsive to the ACLJ's FOIA request reveal that the FBI lied in its response to Plaintiff's FOIA request and that there are multiple records within the FBI responsive to our request.

33. On August 9, 2017, Plaintiff contacted the Office of Government Information Services ("OGIS") to inquire regarding the FBI's false assertion that it had no documents responsive to Plaintiff's request, and to request that the OGIS assist Plaintiff in having the FBI re-open Plaintiff's FOIA request and conduct an adequate search.

34. On August 15, 2017, Plaintiff received a letter from the FBI dated August 10, 2017 notifying Plaintiff that there has been a "change in status of your Freedom of Information Act (FOIA) request."

35. In the August 10, 2017 letter, the FBI informed Plaintiff that its request "has been reopened . . . as the FBI has determined records potentially responsive to your request may exist." *See* Pl. Ex. D.

36. In this same letter, the FBI admitted that (1) the DOJ had forwarded to the FBI communications located during the DOJ's search for records responsive to Plaintiff's request (identical to the request Plaintiff sent to the FBI), and (2) the FBI identified for the DOJ a number of privacy redactions (under Exemptions b6 and b7C) to be applied to DOJ's production of responsive records to Plaintiff.

37. The FBI's letter failed to "notify [Plaintiff] of [] a determination and the reasons therefor" in accordance with 5 U.SC. § 552(a)(6)(A)(i).

38. The FBI's letter failed to inform Plaintiff of the scope of the documents that the FBI will produce, as well as the scope of the documents that the FBI plans to withhold under any FOIA exemptions.

39. In fact, the FBI's letter failed even to state any future intent to produce non-exempt responsive documents.

40. The FBI's letter also failed to notify Plaintiff of the right "to appeal to the head of the agency any adverse determination" as is required by FOIA.

41. On or about September 7, 2017, Plaintiff contacted the FBI's FOIPA Public Information Officer to inquire regarding an expected determination date and/or release date for responsive documents. Plaintiff left a voicemail message, but the FBI did not return Plaintiff's call.

42. On or about September 8, 2017, Plaintiff again contacted the FBI's FOIPA Public Information Officer to inquire regarding an expected determination date and/or release date for responsive documents. Again, the FBI did not return Plaintiff's call.

43. On September 11, 2017, Plaintiff contacted the FBI's FOIPA Public Information Officer a third time to inquire regarding an expected determination date and/or release date for responsive documents. Plaintiff was finally able to speak with the Public Information Officer that day.

44. During this telephone conversion, Plaintiff reminded the FBI that its original FOIA request had been granted expedited processing, and the FBI Public Information Officer confirmed that the prior grant of expedited processing regarding Plaintiff's FOIA request would be applied to the re-opened request.

45. In a follow-up email to the FBI Public Information Officer, also on September 11, 2017, Plaintiff requested that the FBI provide a timeframe for the FBI's processing of FOIA requests granted expedited processing. The FBI failed to provide any such timeframe, stating only that "[o]nce expedited processing has been approved, the Record/Information Dissemination Section will process the request 'as soon as practicable.'"

7

## CAUSE OF ACTION

### COUNT I
### Violation of the Freedom of Information Act

46. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint as if fully stated herein.

47. The federal FOIA establishes a 20-day deadline by which a federal agency must make and issue a decision regarding compliance with a request for records made pursuant to the statute. 5 U.S.C. § 552(a)(6)(A)(i).

48. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) days, excepting Saturdays, Sundays, and legal public holidays. Pursuant to this same provision, Defendant was also required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency.

49. Plaintiff sent its FOIA request to the component of Defendant designated by Defendant to receive FOIA requests directed to the FBI, and the FBI acknowledged receipt of the request by letter dated August 5, 2016.

50. The FBI re-opened Plaintiff's request on August 10, 2017.

51. Pursuant to 5 U.S.C. § 552(a)(6)(A), the 20-day period as to the re-opened request commenced on August 10, 2017. Excluding weekends and holidays, Defendant was required to make its determination and provide Plaintiff with the requisite notifications no later than September 8, 2017.

52. As of the date of this Complaint, Defendant has failed to notify Plaintiff of any determination about whether Defendant will comply with Plaintiff's FOIA request, including the scope of records Defendant intends to produce, the scope of records it intends to withhold, the

reasons for any such determination, or Plaintiff's right to appeal any adverse determination to the head of the agency.

53. As of the date of this Complaint, Defendant has failed to produce any records responsive to the request, indicate when (or even whether) any responsive records will be produced, or demonstrate that responsive records are exempt from production.

54. Defendant has not requested information from the Plaintiff that would toll the 20-day period as contemplated by 5 U.S.C. § 552(a)(6)(A)(i)(I).

55. FOIA permits a federal agency, in unusual circumstances, to extend the 20-day response deadline for a period not to exceed ten (10) additional working days. 5 U.S.C. § 552(a)(6)(B).

56. Defendant has not asserted the existence of "unusual circumstances." As such, Defendant has not implicated the tolling provision set forth in 5 U.S.C. § 552(a)(6)(B)(i).

57. There are no "unusual circumstances" that justify Defendant's prolonged delay in responding to Plaintiff's lawful FOIA request.

58. Plaintiff has a statutory right to have Defendant process Plaintiff's FOIA request in a timely manner and in accordance with the requirements set forth in 5 U.S.C. § 552(a)(6).

59. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

60. FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

61. Through its continued delay and outright failure to respond to Plaintiff's lawful request for records, and its improper withholding of such requested records, Defendant has failed

to comply with FOIA's prescribed deadlines for responding to a request for records and has violated Plaintiff's statutory rights.

62. Pursuant to 5 U.S.C. § 552(a)(6)(C), because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request.

63. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

64. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant, and provide Plaintiff with the following relief:

(a) An Order that Defendant conduct a diligent, expedited search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed reasonable search methods most technologically likely to lead to the discovery of records responsive to Plaintiff's FOIA request, selected from among those methods available to Defendant;

(b) An Order that Defendant produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

(c) An Order enjoining Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(d) A declaratory judgment that Defendant's actions violated Plaintiff's statutory rights under 5 U.S.C. § 552;

(e) An Order awarding to Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

(f) An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.

Dated: September 12, 2017.

Respectfully submitted,

THE AMERICAN CENTER FOR LAW AND JUSTICE
JAY ALAN SEKULOW
  (D.C. Bar No. 496335)
  *COUNSEL OF RECORD*
STUART J. ROTH (D.C. Bar No. 475937)
/s/ Abigail A. Southerland
ABIGAIL A. SOUTHERLAND
(TN Bar No. 26608)
CARLY F. GAMMILL (D.C. Bar No. 982663)
BENJAMIN P. SISNEY (D.C. Bar. No. 044721)
201 Maryland Avenue, N.E.
Washington, D.C. 20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email:asoutherland@aclj.org
*Counsel for Plaintiff*